UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENITO MORA, JR., aka JUNIOR MORA<br><br>Defendant. | Case No. 4:16-cr-00047-BLW<br><br>**REPORT AND RECOMMENDATION** |

On May 24, 2016, Defendant BENITO MORA, JR. appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 12). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

REPORT AND RECOMMENDATION - 1

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government withdrew their Motion for Detention (and as amended) at the time of Defendant's initial appearance and arraignment on March 8, 2016, and the Court imposed strict pretrial release conditions as recommended by pretrial services, including location monitoring, a curfew, and residency with his mother. (Dkt. 11.) There have been no violations of the pretrial conditions to date and, according to the Government, Defendant has been a "model" on release. However, due to the alleged enhanced flight risk associated with the mandatory minimum penalty on the charge of conspiracy in Count One to which Defendant admitted guilt during the plea hearing on May 24, the Government argued, given that detention pursuant to Section 3143(a)(2) is mandatory upon a finding of guilt, that no exceptional reasons could be shown to establish detention would not be appropriate pending imposition of sentence. Therefore, the Court took up the question of whether Defendant did make a clear showing of reasons beyond mere compliance with the pretrial conditions that detention would not be

REPORT AND RECOMMENDATION - 2

appropriate pending sentencing.

In this case, Defendant has obtained and maintained employment during pretrial release sufficient to provide for himself and to contribute to the support of his 4 month old daughter; has developed a supportive relationship with the mother of his daughter; has maintained residency with his mother and abided by the curfew; and is set to begin a drug treatment program this week—to date, he has been participating successfully in substance abuse testing and there have been no positives for the unlawful use of controlled substances. As referenced by the Government and confirmed by pretrial services, Defendant has been fully compliant with the strict conditions of pretrial release. Also, during the plea hearing, Defendant acknowledged the reality of additional penalties, sanctions or other negative consequences that would be imposed if he were to either flee or violate his ongoing promise to appear for all further proceedings in this matter and to comply fully with all conditions of release.

The Court finds that the above circumstances, taken collectively, constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds detention pending sentencing would unduly disrupt Defendant's participation and progress in his drug treatment program, his employment, and his ability to contribute financial and emotional support to his infant daughter and the mother of his young child.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant BENITO MORA, JR.'s plea of guilty to Count One of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant BENITO MORA, JR's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 12).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts 2, 3, 4, 5, and 6 of the Indictment (Dkt. 1) as to Defendant.

4) The District Court continue Defendant's release subject to the Order Setting Conditions of Release (Dkt. 11).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 25, 2016

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE